

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| (1) TABITHA CROSS, | ) |
| Plaintiff, | ) Case No. CJ-2017-01449 |
| vs. | ) Honorable |
| (1) M&M PRECISION COMPONENTS, A foreign LLC, | ) FILED APR 17 2017 |
| (2) M&M MANUFACTURING, INC., A domestic corporation, | ) DANA LYNN KUEHN DON NEWBERRY, Court Clerk STATE OF OKLA. TULSA COUNTY |
| (3) KENNETH STATON, an individual, | ) JURY TRIAL DEMANDED ATTORNEY'S LIEN CLAIMED |
| Defendants. | ) |

## PETITION

**COMES NOW**, the Plaintiff, Tabitha Cross, (hereinafter "Plaintiff"), an individual, by and through her attorneys of record, Carla R. Stinnett, Esq., Maxey P. Reilly, Esq., John S. Nobles, Esq., and Andrew M. Casey, Esq. of STINNETT LAW, and for her cause of action against the Defendants, M&M Precision components, LLC, (hereinafter "M&M Precision"), M&M Manufacturing, Inc., (hereinafter "M&M Manufacturing"), and Kenneth Staton (hereinafter "Staton") would allege and state as follows:

### I. JURISDICTION AND VENUE

1. Cross was, at all relevant times, a resident of Tulsa County, State of Oklahoma. The facts giving rise to this cause of action occurred within the confines of Tulsa County, State of Oklahoma. At the time of this incident, upon information and belief, Defendant Staton resided in Rogers County, State of Oklahoma. Defendant M&M Manufacturing Inc's is a corporation

1

EXHIBIT 1

incorporated in Oklahoma with its principal place of business in Tulsa County, Oklahoma. Defendant M&M Precision is a foreign LLC registered in the State of Delaware and doing business in the State of Oklahoma including hiring citizens of the State of Oklahoma as employees, seeking profits in Oklahoma, and providing services out of Oklahoma. At least one member of the LLC is a resident of the State of Oklahoma (Staton). This Honorable Court has jurisdiction and venue over the party litigants and subject matter named herein as the incident giving rise to this lawsuit occurred within Tulsa County as required by 25 O.S. § 1350(D).

## FACTUAL ALLEGATIONS

2.  Cross was employed by M&M Manufacturing, Inc. as a machinist from March 18, 2015 until February 29, 2016. Cross was one of a very limited number of female employees of M&M Manufacturing in a male-dominated factory setting. M&M Manufacturing, Inc. was an employer, and Ms. Cross an employee within the meaning of the Oklahoma Anti-Discrimination Act pursuant to 25 O.S. 1101-1350 and Title VII of the Civil Rights act of 1964. Kenneth Staton, at all times, owned, managed, created policies, promulgated rules, and was responsible for the operations of M&M Manufacturing, Inc. Kenneth Staton personally involved himself in Cross's employment. During M&M Manufacturing Inc.'s tenancy as an employer, a hostile work environment based on sex formed that drastically effected Cross.

3.  Upon information and belief, initial instances of sexual harassment began against cross prior to M&M Precision Components, LLC being formed. At some point, M&M precision components, LLC was formed with the purchase of fifty-one (51%) percent of the controlling stake in M&M Manufacturing Inc. Kenneth Staton, sold fifty-one (51%) percent of his rights but retained forty-nine (49%) percent of his stake in the company. Kenneth Staton also retained his duties regarding management, policy creation, rule promulgation, and responsibility for the day-

to-day operations of the company. After M&M Precision purchased M&M Manufacturing, Cross complained of the conditions of her hostile work environment and sex discrimination to management and human relations at M&M Precision. Within two weeks of her complaints regarding hostile work environment and discrimination, M&M Precision retaliated against Cross by terminating her from her position. M&M Precision also took no action to discipline, supervise, or terminate the employees who harassed Cross. Kenneth Staton, personally involved himself in the retaliatory firing of Cross. In addition to being a lawfully named employer, M&M Precision also inherited the rights and liabilities (including liability to this suit) of M&M manufacturing upon purchase.

4. Throughout Ms. Cross's employment with M&M Manufacturing and M&M Precision components, Ms. Cross was subjected to sexual harassment, including, without limitation, touching, constant inquiries about her sexual activities, and requests to participate in sexual acts. Despite her repeated reporting and utilization of the company's reporting policy regarding the treatment to which she was subjected, the harassment continued as to her. M&M Manufacturing and M&M Precision is responsible for all acts committed by its agents, representatives, and employees and for acts of its non-supervisory employees or non-employees over whom it has control if it knew, or should have known about the harassment and failed to take prompt and appropriate corrective action.

5. While working for M&M Manufacturing and M&M Precision, Ms. Cross was subjected to a hostile work environment because of her sex. These unwanted actions were taken by a number of male employees including (1) Roberto Vega, (2) Robert McAfee, and (3) Trey Ashworth. These unwanted actions reported to, and included, but were not limited to:

    a. Unwanted Sexual advances made towards Ms. Cross;

  b. Provocative and sexual suggestions made toward Ms. Cross;

  c. Constantly rebuffed requests for Ms. Cross to accompany employees home to engage in anal and vaginal intercourse;

  d. Intimidating Ms. Cross;

  e. Numerous other acts sexual harassment and mistreatment.

6. Ms. Cross repeatedly, and on multiple occasions, complained to management and human resources, at the behest and command of Kenneth Staton, about the aforementioned unwanted sexual advances and instances of harassment, yet management continued assign Ms. Cross work in non-public areas working alongside these male employees before firing Cross. In addition to Ms. Cross's complaints, management and human resources at the behest and command of Kenneth Staton had additional knowledge of the acts of the male employees but chose not to respond to them. Previous female employees complained to management and human resources about the treatment by the male employees. On those previous occasions, Kenneth Staton, M&M Manufacturing and M&M Precision unreasonably responded to the situation by taking no discipline against the male employees and also terminated the complaining female employee.

7. During this period, management and human resources, at the behest and command of Kenneth Staton, further aggravated the trauma suffered by Ms. Cross by accusing her of not having a qualified skill set (despite months of positive employment reports). That baseless excuse became the basis for the wrongful termination of Cross.

8. The actions of Staton and M&M Manufacturing and M&M Precision's complicity therein, has caused Ms. Cross to significantly struggle with symptoms of depression. Since the complained of harassment, Ms. Cross has been anxious, hypervigilant, paranoid, and fearful. Her emotional trauma has been debilitating causing her difficulty in functioning day to day. Ms. Cross

suffers from sleeplessness, anxiety, loss of self-esteem, and frequent bouts of crying as a result of the harassment and actions of Defendants. In addition to this, Cross suffered extensive bouts of unemployment, wage loss, career opportunity loss, and all attended forms of stress, anguish, anxiety, and loss of self-esteem related to losing a job and joblessness.

9. Defendants failed to protect Ms. Cross and additional co-workers from the aggressive, predatory acts of unsupervised male employees after having actual knowledge of sexual assault and harassment of Ms. Cross and other female employees. The hostile, untenable, and retaliatory work environment ultimately led to the termination of Ms. Cross's employment with M&M Manufacturing and M&M Precision.

10. Ms. Cross exhausted her administrative remedies, and received her Notice of Suit Rights within the ninety (90) day period preceding the filing of this Complaint in State Court. Attached hereto as Exhibit "A" are the Notices of Right to Sue issued by the U.S. EEOC. Venue is proper in this District, as this is where Ms. Cross's employment with M&M Manufacturing and M&M Precision and the events complained of herein occurred.

**FIRST CLAIM FOR RELIEF**
*Hostile Work Environment and Sex Discrimination*
*against M&M Manufacturing, Inc., M&M Precision Components, LLC, and Kenneth Staton*

11. Ms. Cross adopts, re-alleges, and incorporates by reference Paragraphs one (1) through ten (10) of this complaint.

12. Kenneth Staton, M&M Manufacturing and M&M Precision subjected Ms. Cross to sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*), as amended.

13. It is a direct and proximate result of the actions of Kenneth Staton, M&M Manufacturing and M&M Precision that Cross suffered emotional distress, lost wages, lost career

opportunities, and suffering. As a result of the Kenneth Staton, M&M Manufacturing and M&M Precision's reckless or intentional acts, Ms. Cross has been substantially damaged in sums in excess of Seventy-Five Thousand Dollars ($75,000.00) for which Plaintiff should recover judgment.

14. The unlawful acts, omissions, and decisions on the part of Kenneth Staton, M&M Manufacturing and M&M Precision were done in a knowing, willful, wanton, reckless, and bad faith manner, and violate clearly established legal rights and privileges of which a reasonable person would have been aware.

## SECOND CLAIM FOR RELIEF
*Retaliation against M&M Manufacturing, Inc.,*
*M&M Precision Components, LLC, and Kenneth Staton*

15. Ms. Cross adopts, re-alleges, and incorporates by reference Paragraphs one (1) through fourteen (14) of this complaint.

16. Kenneth Staton, M&M Manufacturing and M&M Precision retaliated against Ms. Cross for her exercise of rights under the law, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*), as amended. Kenneth Staton, M&M Manufacturing and M&M Precision engaged in actions, omissions, and decisions which were retaliatory and thereby denied Ms. Cross's employment rights and protections granted to her under the law including, but not limited to, intimidating Ms. Cross and terminating her after she made complaints of harassment. Additionally, Defendants retaliated by assigning Ms. Cross to work alongside her culpable male counterparts after reporting sexual harassment of her to Kenneth Staton, M&M Manufacturing and M&M Precision. This hostile environment ultimately led to Kenneth Staton, M&M Manufacturing and M&M Precision's termination of Ms. Cross's employment.

17. Each of the actions, omissions, and decisions on behalf of Kenneth Staton, M&M Manufacturing and M&M Precision were designed to cause, have caused, and will continue to cause, Ms. Cross humiliation, and harm to her reputation, emotional and mental injuries, financial and other adverse consequences, for which Ms. Cross seeks full damages and relief to make her whole.

18. The unlawful acts, omissions, and decisions on the part of Kenneth Staton, M&M Manufacturing and M&M Precision were done in a knowing, willful, wanton, reckless, and bad faith manner, and violate clearly established legal rights and privileges of which a reasonable person would have been aware. It is a direct and proximate result of the actions of Kenneth Staton, M&M Manufacturing and M&M Precision that Cross suffered emotional distress, lost wages, lost career opportunities, and suffering. As a result of the Kenneth Staton, M&M Manufacturing and M&M Precision's reckless or intentional acts, Ms. Cross has been substantially damaged in sums in excess of Seventy-Five Thousand Dollars ($75,000.00) for which Plaintiff should recover judgment.

### THIRD CLAIM FOR RELIEF
*Violation of the Oklahoma Anti-Discrimination Act*
*against M&M Manufacturing, Inc., M&M Precision Components, LLC, and Kenneth Staton*

19. Ms. Cross adopts, re-alleges, and incorporates by reference Paragraphs one (1) through eighteen (18) of this complaint.

20. Ms. Cross was an employee of M&M Manufacturing and M&M Precision pursuant to Oklahoma Law. Kenneth Staton, the owner, director, and manager of M&M Manufacturing and minority stakeholder as well as director, member, and manager of M&M Precision also is an employer of Ms. Cross pursuant to Oklahoma Law.

21. Ms. Cross exhausted all administrative remedies as required by 25 O.S. 1350 by

filing a charge with the United States Equal Employment Opportunity Commission. Ms. Cross was issued a notice of right to sue within ninety (90) days of the filing of this complaint.

22.     Kenneth Staton, M&M Manufacturing and M&M Precision engaged in a discriminatory practice against Ms. Cross when it discharged and otherwise discriminated against Ms. Cross with respect to her compensation or the terms, conditions, privileges or responsibilities of her employment, because of her sex.

23.     Kenneth Staton, M&M Manufacturing and M&M Precision engaged in actions, omissions, and decisions which were retaliatory and thereby denied Ms. Cross's employment rights and protections granted to her under the law including, but not limited to, intimidating Ms. Cross and terminating her after she made complaints of harassment. Additionally, Defendants violated the Oklahoma Anti-Discrimination Act by assigning Ms. Cross to work alongside her culpable male counterparts after reporting sexual harassment of her to Kenneth Staton, M&M Manufacturing and M&M Precision. This hostile environment ultimately led to Kenneth Staton, M&M Manufacturing and M&M Precision's termination of Ms. Cross's employment.

24.     Each of the actions, omissions, and decisions on behalf of Kenneth Staton, M&M Manufacturing and M&M Precision were designed to cause, have caused, and will continue to cause, Ms. Cross humiliation, and harm to her reputation, emotional and mental injuries, pain and suffering, financial and other adverse consequences, for which Ms. Cross seeks full damages and relief to make her whole.

25.     The unlawful acts, omissions, and decisions on the part of Kenneth Staton, M&M Manufacturing and M&M Precision were done in a knowing, willful, wanton, reckless, and bad faith manner, and violate clearly established legal rights and privileges of which a reasonable person would have been aware.

EXHIBIT 1

26. It is a direct and proximate result of the actions of Kenneth Staton, M&M Manufacturing and M&M Precision that Cross suffered emotional distress, lost wages, lost career opportunities, and suffering. As a result of the Kenneth Staton, M&M Manufacturing and M&M Precision's negligent, reckless or intentional acts, Ms. Cross has been substantially damaged in sums in excess of Seventy-Five Thousand Dollars ($75,000.00) for which Plaintiff should recover judgment.

**WHEREFORE**, based on the foregoing, Ms. Cross prays that this Court grant her a judgment against all defendants on all claims brought and provide her with the following relief as follows: a) for an award of compensatory damages in an amount to be determined by a jury, b) back pay and related benefits, c) reasonable attorney's fees, d) the costs of this action, e) interest as provided by law, and for all other relief this Court deems just and proper.

Date: April 14, 2017

Respectfully submitted,

_____
Carla R. Stinnett, OBA No. 19532
Andrew M. Casey, OBA No. 32371
John S. Nobles, OBA No. 31173
Maxey P. Reilly, OBA No. 20315
STINNETT LAW
404 East Dewey Avenue, Suite No. 202
Sapulpa, OK 74066
Telephone: (918) 227-1177
Facsimile: (918) 227-1197
Email: carla@stinnettlaw.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

9

EXHIBIT 1

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Tabitha L. Cross<br>11545 E. 27th Ct.<br>Tulsa, OK 74129 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2016-00955 | Donna G. Noel,<br>Investigator | (405) 231-4361 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*/s/ Donna G. Noel*             January 18, 2017

Enclosures(s)     Holly Waldron Cole,<br>Area Office Director     *(Date Mailed)*

cc:
Amy Saum<br>
H R Director<br>
M & M PRECISION AND COMPONENTS<br>
13914 E. Admiral<br>
Tulsa, OK 74116

Carla R. Stinnett, Esq.<br>
STINNETT LAW<br>
404 East Dewey Ave., Ste. 202<br>
Sapulpa, OK 74066

**EXHIBIT A**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT 1