## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TABITHA CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0298-CVE-mjx |
| | ) | |
| M&M PRECISION COMPONENTS, | ) | |
| M&M MANUFACTURING, INC., and | ) | |
| KENNETH STATON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is defendant M&M Precision Components, LLC's (M&M Precision) motion to dismiss (Dkt. # 21). Defendants M&M Manufacturing, Inc. (M&M Manufacturing) and Kenneth Staton join the motion (Dkt. # 23). Defendants argue that plaintiff's suit should be dismissed for failure to exhaust administrative remedies. Plaintiff responds that she has properly exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and subsequently receiving a right to sue letter from the EEOC on her claims. Dkt. # 31.

Plaintiff is a former employee of M&M Precision and M&M Manufacturing.[1] Dkt. # 2-1, at 2. Plaintiff filed this case in the District Court of Tulsa County, State of Oklahoma, alleging claims

---

[1]     Plaintiff alleges that she initially worked for M&M Manufacturing, which was owned by Staton. Dkt. # 2-1, at 2. Plaintiff asserts that M&M Precision was formed after Staton sold 51% of his interest in M&M Manufacturing. Id. Plaintiff asserts that Staton retained his management role at M&M Manufacturing. Id. Plaintiff alleges that the harassment she asserts in this case began before, and continued after, M&M Precision was formed. Id. at 2-3.

for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 et seq. (OADA). Id. at 5-9. Plaintiff asserted in her petition that she had "exhausted her administrative remedies, and received her Notice of Suit Rights within the ninety (90) day period preceding the filing of [the petition]." Id. at 5. Plaintiff also attached the right to sue letter from the EEOC to her petition. See id. at 10.

Defendants argue that plaintiff's suit should be dismissed for failure to exhaust administrative remedies. Dkt. ## 21, 23. The exhaustion of administrative remedies is a jurisdictional prerequisite under Title VII, and therefore defendants' motion should be treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). As the parties rely on evidence outside the pleadings—specifically, plaintiff's EEOC charge of discrimination and right to sue letter, a declaration from an employee of M&M Precision, and emails between plaintiff's counsel and the EEOC and between plaintiff's counsel and counsel for M&M Precision—the Court will construe the motion as a factual attack on the jurisdictional facts alleged by plaintiff. In ruling on a factual attack on subject matter jurisdiction, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve

disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (district court had authority to review evidence outside the pleadings on issue of exhaustion of administrative remedies without converting defendant's motion to dismiss into a motion for summary judgment).

## A.

M&M Precision argues that plaintiff has failed to prove she filed a discrimination charge alleging either sex discrimination or retaliation. Dkt. # 21, at 3. Amy Saum, vice president of human resources for M&M Precision, states that she received a notice of charge of discrimination for M&M Precision that identified plaintiff as the complainant, but did not include any details about the basis for the claim. Dkt. # 21-1, at 1. Saum asserts that M&M Precision did not receive any other documents related to plaintiff's claims until plaintiff filed this lawsuit. Id. at 2. M&M Precision argues that the notice of charge did not satisfy Title VII, which states that:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved . . . alleging that an employer . . . has engaged in an unlawful employment practice, the [EEOC] shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days, and shall make an investigation thereof.

42 U.S.C. § 2000e-5(b). To the extent M&M Precision is arguing that the EEOC's failure to comply with § 2000e-5(b) renders plaintiff's exhaustion incomplete, its argument has been rejected by the Tenth Circuit. Whether the EEOC failed to send M&M Precision sufficient notice of the charge under Title VII is irrelevant to plaintiff's exhaustion of administrative remedies because the Tenth Circuit has clearly rejected the argument that the EEOC's failure to provide an employer notice bars

a plaintiff's claim. <u>Jones v. U.P.S., Inc.</u>, 502 F.3d 1176, 1185 (10th Cir. 2007) ("If we were to make notice to the employer a determining factor for exhaustion, the plaintiff would bear the burden of the EEOC's failure in handling a charge. But it is the EEOC's, not the plaintiff's duty to provide the charged party with notice within ten days after a charge is filed; a plaintiff should not be penalized for the EEOC's negligence in handling a charge.") (citations omitted).

After M&M Precision filed its motion to dismiss, plaintiff's counsel sent a copy of plaintiff's charge of discrimination to all defendants. Dkt. # 31-13. The charge of discrimination contains allegations of sex discrimination and retaliation. Dkt. # 31-1, at 1. Plaintiff's counsel has also provided emails with EEOC showing that he has requested a copy of plaintiff's entire EEOC record. <u>See</u> Dkt. # ##31-10, 31-11, 31-12. M&M Precision filed a reply to plaintiff's response asking the Court to stay its ruling on the motion to dismiss until the parties have received the complete EEOC record. Dkt. # 34, at 1-2. M&M Precision does not provide any authority to support its argument or explanation for why the entire EEOC record would be necessary to determine whether plaintiff has exhausted her administrative remedies.

To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC and receive a right to sue letter. <u>Noland v. City of Albuquerque</u>, 779 F. Supp. 2d 1214, 1222 (D.N.M. 2011) (citing <u>Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.</u>, 165 F.3d 1321, 1326 (10th Cir. 1999)). Plaintiff alleged that she exhausted her administrative remedies in her petition and attached her right to sue letter from the EEOC. Plaintiff has also provided her signed charge of discrimination that alleges sex discrimination and retaliation. Plaintiff's entire EEOC record is unnecessary to show that plaintiff has exhausted her administrative remedies; her signed charge of discrimination and right to sue letter from the EEOC are sufficient

for the Court to determine that plaintiff has complied with the exhaustion requirement for her Title VII claims against M&M Precision.

Moreover, plaintiff has exhausted her administrative remedies related to her OADA claim against M&M Precision by filing a charge with the EEOC and receiving a right to sue letter. See Okla. Stat. tit. 25, § 1350(B) (requiring a plaintiff to file a charge of discrimination with the Attorney General's Office of Civil Rights Enforcement or the EEOC, and receive a right to sue letter, before filing a claim under the OADA in a court of law).

**B.**

Although plaintiff has established that she exhausted her administrative remedies as to M&M Precision, the Court does not have enough information at this time to determine whether it has jurisdiction over M&M Manufacturing and Staton. The charge of discrimination and right to sue letter list M&M Precision as the employer that allegedly discriminated against plaintiff. Plaintiff has presented no evidence that she exhausted her claims against M&M Manufacturing or Staton. Further, while an individual may qualify as an employer under Title VII for the purpose of imputing liability to the true employer, the individual is the alter ego of the employer and may not be sued in his personal capacity. Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996). Because M&M Manufacturing and Staton joined M&M Precision's motion and did not brief subject matter jurisdiction as to them specifically, the Court will provide M&M Manufacturing and Staton the opportunity to submit briefs in support of their joinder in the motion to dismiss (Dkt. # 23) and plaintiff the opportunity to respond, before ruling on the motion to dismiss the claims against M&M Manufacturing and Staton.

**IT IS THEREFORE ORDERED** that defendant M&M Precision Components, LLC's motion to dismiss (Dkt. # 21) is **denied**.

**IT IS FURTHER ORDERED** that the Court hereby enters the following scheduling order as to M&M Manufacturing and Staton's joinder in the motion to dismiss (Dkt. # 23):

M&M Manufacturing's and Staton's briefs in support:    August 22, 2017

Plaintiff's response:    August 29, 2017

**DATED** this 15th day of August, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE